Smith *v.* Schwartz, Appellant.

370

Argued September 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Edward I. Weisberg,* and with him *David N. Feldman, Samuel D. Engelbach* and *John Auspitz,* for appellant.

*Jacob W. Allen,* for appellee.

Opinion by Gawthrop, J., November 21, 1932:

Defendant appeals from a judgment entered against him for want of a sufficient affidavit of defense. From the statement of claim and the affidavit of defense the following undisputed facts appear: Plaintiff and defendant were partners, trading as Schwartz & Smith. engaged in the business of buying and selling furs. On February 8, 1929, the parties entered into a partnership dissolution agreement, by the terms of which Smith, for a consideration of $5,929 paid to him by

Schwartz, withdrew from the partnership and assigned and transferred to Schwartz all his interest therein, including the debts belonging to the partnership. The agreement provided, however, that Schwartz was to have the authority to collect all the debts then due the partnership in the sum of $3,425.68, as set out in an itemized list attached to the agreement, and that Smith should receive one-half of the amount collected from the same, after the deduction of the necessary legal costs of collection. The agreement provided further: "And the said Schwartz covenants and agrees that he will at all times hereafter pay and satisfy all the creditors to whom the said Smith stands indebted for and concerning all the affairs and dealings of the firm of Schwartz & Smith, and will at all times hereafter indemnify and save harmless the said Smith, his heirs, executors and administrators, from all the debts and liabilities of the said firm." The list of accounts receivable attached to the statement of claim contained an account against one J. Lis for $391.50. The statement of claim avers that on or about December 27, 1927, the partnership became indebted to Lis in the sum of $225, being the amount of a credit due him for merchandise returned to the partnership. Plaintiff avers that in March, 1930, Lis sued the partnership on this claim and recovered a verdict and judgment April 13, 1931; that defendant refused to pay the judgment as required under the terms of the partnership dissolution agreement, and that plaintiff was obliged to pay one-half the debt and costs, or the sum of $161.15, together with a counsel fee of $75. To recover this amount this suit was brought.

The affidavit of defense avers that at the time of the making of the partnership dissolution agreement it was agreed and understood by and between plaintiff and defendant that the account of J. Lis, as it appeared in the list of accounts receivable attached thereto, was correct, and that there was nothing due

Lis as a credit for merchandise returned or on any counter-claim. The affidavit averred further that the terms of the partnership dissolution agreement were altered, changed and modified by a release executed and delivered by plaintiff to defendant July 13, 1929, a copy of which is attached to, and made part, of the affidavit of defense. This release is under seal. By its terms plaintiff, for a consideration of $800, releases defendant from all accounts, claims and demands relating to the partnership which existed between the parties, and from all "causes of action, agreements, matters or things arising out of or contained ...... in a certain agreement of dissolution dated the 8th day of February, A. D. 1929."

The court below entered judgment for plaintiff on the ground that the affidavit of defense admitted the execution of the partnership dissolution agreement, the assumption of partnership liability by defendant, and the partnership indebtedness to Lis, and that plaintiff paid one-half of the Lis claim and costs. He made no reference to the release set up by defendant. In doing so he fell into error. Conceding for the sake of argument, but not deciding, that defendant admitted each and every obligation of plaintiff's statement of claim, the release pleaded by defendant was sufficient to prevent the entry of a summary judgment, and made a case for a jury. The citation of cases supporting this conclusion would be superfluous.

The judgment is reversed with a procedendo.